UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
J&J FLOORMASTERS, INC.,

                        Plaintiff,                    REPORT AND
                                                                       RECOMMENDATION
   -against-
                                                                       07 CV 3096 (SJ) (RML)

JIM WILSON, d/b/a HARDWOOD FLOORS
NATURALLY,

                        Defendants.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated July 3, 2008, the Honorable Sterling Johnson, Jr., United States District Judge, referred plaintiff's motion for a default judgment to me to conduct an inquest on damages and issue a Report and Recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion for default judgment and damages be granted and that its application for damages be granted in part and denied in part. As to the portions of plaintiff's motion that should be granted, I recommend that plaintiff be awarded a total of $17,766.88 plus interest.

**BACKGROUND AND FACTS**

        In November 2006, plaintiff J&J Floormasters, Inc. ("plaintiff"), and defendant Jim Wilson, d/b/a Hardwood Floors Naturally ("defendant"), entered into an agreement whereby defendant agreed to supply and deliver to plaintiff certain hardwood flooring for an agreed price. (See Complaint, dated July 26, 2007 ("Compl."), ¶ 6; Plaintiff's Submission, dated July 16, 2008 ("Pl. Submission"), 6, 7.) Plaintiff remitted its down payment of $17,766.88 to defendant on December 28, 2006 so that defendant would furnish the labor and materials necessary to manufacture and supply the agreed upon floor products to plaintiff. (See Compl. ¶ 7; Pl. Submission 8, 9.) Defendant failed and refused to deliver the flooring materials and refused to

refund plaintiff's down payment. (See Compl. ¶¶ 8-9.)

On July 26, 2007, plaintiff filed suit in this Court to recover the down payment it paid to defendant, plus interest from March 1, 2007; the cost that plaintiff incurred to replace the materials that defendant was to deliver to plaintiff; the damages that plaintiff owed a general contractor/owner for the delay caused by defendant's breach of contract; and reasonable attorney's fees and costs. (See Compl. ¶¶ 10-12, 14-16, 18-22, 26.) To date, defendant has submitted no answer and otherwise has not moved in relation to the complaint.

## DISCUSSION

Plaintiffs have demonstrated that defendants were properly served with the Summons and Complaint. In addition, a Clerk's Certificate confirms that defendants have not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Certificate of Default Against Defendants, dated Apr. 14, 2008). I therefore recommend that plaintiff's motion for a default judgment be granted.

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y.C. v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." LaBarbera v. Golden Vale Constr. Group, No. 06 CV 0813, 2007 WL 2071565, at *3 (E.D.N.Y. July 17, 2007) (quoting Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974))) (quotation marks omitted).

2

Plaintiff must establish the damages that it believes it should receive "'in an evidentiary proceeding in which the defendant has the opportunity to contest the amount.'" Century 21 Real Estate LLC v. Paramount Home Sales, Inc., No. 06 CV 2861, 2007 WL 2403397, at *3 (E.D.N.Y. Aug. 20, 2007) (quoting Greyhound Exhibitgroup, Inc., 973 F.2d at 158). However, Federal Rule of Civil Procedure 55(b)(2) "'leaves the decision of whether a hearing is necessary to the discretion of the district court.'" Id. (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir.1989); accord Fed. R. Civ. P. 55(b)(2). In the present case, no hearing is necessary because defendant has not participated in the action.

Plaintiff has sufficiently demonstrated that it paid defendant $17,766.88 as a part of a business contract, which defendant later breached. (See Pl. Submission 6-9.) Therefore, I respectfully recommend that plaintiff be awarded $17,766.88 in damages. Plaintiff also has submitted an affidavit from its president enumerating its other claims against defendant.[1] (See Affidavit of Jose Santiago, sworn to Feb. 8, 2008 ("Santiago Aff.").) In the affidavit, Jose Santiago ("Santiago") avers that plaintiff "was required to expend the sum of $43,000.00 to obtain the replacement flooring materials" after defendant violated the contract. (Santiago Aff. ¶ 5B.) However, he does not list the date of purchase, the name of the seller, the price of the flooring, or the number of units. Nor does he provide invoices or canceled checks substantiating the expenditure. Likewise, he asserts that "[t]he general contractor . . . assessed liquidated damages against Plaintiff in the amount of $25,000.00 for Plaintiff's late and delayed performance," which resulted from defendant's breach. (See Santiago Aff. ¶ 5C.) Again, plaintiff provides no details, demand letters, or canceled checks to justify this claim. Although

---

[1] Plaintiff provided the court with no information detailing its claim for attorney's fees, so the court deems this claim waived.

3

"the court may rely on *detailed affidavits* or documentary evidence . . . to evaluate" plaintiff's claims for damages, Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989) (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979); Transportes Aereos de Angola v. Jet Traders Inv. Corp., 624 F. Supp. 264, 266 (D. Del.1985); Byrd v. Keene Corp., 104 F.R.D. 10 (E.D. Pa.1984)) (emphasis added); accord Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 191 (2d Cir. 2006), cert denied, 127 S. Ct. 962 (2007), Santiago's conclusory affidavit is neither detailed nor supported by documentary evidence. As a result, the court cannot evaluate these claims properly. Accordingly, I respectfully recommend that plaintiff's request for an additional $68,000 for these claims be denied without prejudice and that plaintiff be afforded 30 days from the date of this Report and Recommendation to supplement its submissions.

With respect to interest on the $17,766.88 principal, 28 U.S.C. § 1961(a) states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id. The interest shall be computed daily until the date of payment and compounded on an annual basis. See § 1961(b).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendants and that plaintiffs be awarded a total of $17,766.88 plus interest, with leave to supplement its submission within 30 days of this Report and Recommendation. Any

objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Johnson and to my chambers, within ten business days. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

Dated: Brooklyn, New York
       July 25, 2008

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge